

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

ALLEN RAY GILBERT, individually
and as executor of the succession of
Frances M. Gilbert, Kathleen G. Buchanan,
and James R. Gilbert

versus

FRONTERA PRODUCE, LTD., PRIMUS
GROUP, INC., d/b/a "PRIMUS LABS" and
THE KROGER COMPANY

CIVIL ACTION NO. 12-2754
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court is a second motion to dismiss filed by Primus Group, Inc., d/b/a/ Primus Labs ("Primus"), seeking to dismiss all of the plaintiffs' claims against it. For the reasons discussed below, Primus's motion is **DENIED**.

### I. PROCEDURAL HISTORY[1]

Primus filed a motion to dismiss the plaintiffs' original complaint, which this court denied on February 28, 2014. See Record Documents 38, 60, and 61. Thereafter, the plaintiffs filed an amended complaint alleging identical causes of

---

[1] The facts of this case have been summarized in the court's previous memorandum ruling. See Record Document 60.

action with additional factual allegations. See Record Document 63. Primus then filed the instant motion to dismiss the plaintiffs' amended complaint. See Record Document 67. The plaintiffs filed an opposition to the motion, and Primus filed a reply brief in support. See Record Documents 76 and 79.

## II. ANALYSIS

### A.     Rule 12(b)(6) Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleading and its attachments. See Fed. R. Civ. P. 12(b)(6); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A pleading will survive a motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009). The court must accept all of the plaintiffs' allegations as true. See Twombly, 550 U.S. at 550, 127 S. Ct. at 1962. However, the plaintiffs' pleading must contain more than a "formulaic recitation of the elements of a cause of

action." Id. at 555, 127 S. Ct. at 1965. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 129 S. Ct. at 1950.

**B.     The "Law Of The Case" Doctrine.**

The instant motion by Primus presents virtually identical legal arguments to those presented in its first motion to dismiss, which the court denied. Under the "law of the case" doctrine, "a court should not reopen issues decided in earlier stages of the same litigation." Agostini v. Felton, 521 U.S. 203, 236, 117 S. Ct. 1997, 2017 (1997); see also Lindquist v. City of Pasadena, Tex., 669 F.3d 225, 238-39 (5th Cir. 2012). A court can depart from a prior holding if it feels that holding "'is clearly erroneous and would work a manifest injustice.'" Agostini, 521 U.S. at 236, 117 S. Ct. at 2017 (quoting Arizona v. California, 460 U.S. 605, 618 n. 8, 103 S. Ct. 1382, 1391 n. 8 (1983)). Primus does not argue in the instant motion that the court's ruling and order denying its first motion were clearly erroneous. Nevertheless, the court shall address the merits of Primus's motion.

**C.     Recent Decisions By Other Courts.**

Primus referenced recent decisions by eight other courts in similar cases

3

involving the same national listeria outbreak and attached those courts' rulings as exhibits to its motion. See Record Document 67, Exs. A-H.

This court wishes to first address Robertson v. Frontera Produce, Ltd., No. 11-cv-1321-R (W.D. Okla. Jan. 23, 2014). See id., Ex. F. The plaintiffs in Robertson alleged causes of action against Primus for negligence, negligent hiring, wrongful death, and loss of consortium. Primus moved to dismiss all of these claims. The court denied Primus's motion as to the negligence, wrongful death, and loss of consortium claims, but granted it as to the negligent hiring claim. However, the court noted that for Primus to be liable on the negligent hiring claim, it must have prior knowledge that its subcontractor, Bio Food Safety, Inc. ("BFS"), had a "propensity to commit the very harm for which damages are sought." Id., Ex. F at 20 (internal quotations omitted). This is not a required element of a negligent hiring claim under Louisiana law. See Roberts v. Benoit, 605 So. 2d 1032, 1043-44 (La. 1991). Thus, the court finds nothing in the Robertson decision that would make it consider reversing its prior holding.

Another case cited by Primus is Braddock v. Primus Group, Inc., No. 8:13-cv-258 (D. Neb. Feb. 5, 2014). See id., Ex. G. In Braddock, Primus filed a motion to dismiss the plaintiffs' causes of action for negligence and breach of contract. The court granted Primus's motion as to the breach of contract claim, but denied it as to

4

the negligence claim. See id., Ex. G at 17. When discussing the duty element, the court found that "Primus <u>should have</u> recognized . . . that the Audit performed by Primus was necessary for the protection of third persons, in this case consumers." See id., Ex. G at 11 (internal quotations omitted). Moreover, the court noted that Primus may have actually recognized this duty because, after the listeria outbreak, Primus released a statement to the public reflecting on the lives it had saved through its services. See id., Ex. G at 11 n. 7. This court does not see anything in <u>Braddock</u> that would render its previous ruling clearly erroneous.

Primus also cites to three cases—<u>Hauser v. Jensen Farms</u>, No. 12-cv-1196 (Colo. Dist. Ct. Sept. 11, 2013); <u>Pumphrey v. Primus Group, Inc.</u>, No. 13-3308 (W.D. Mo. Dec. 5, 2013); <u>Underwood v. Jensen Farms</u>, No. 11-cv-348 (E.D. Okla. Dec. 31, 2013)—where the courts initially granted Primus's respective motions to dismiss the plaintiffs' negligence claims. See id., Exs. A, C, and E. However, in both <u>Hauser</u> and <u>Underwood</u>, the courts subsequently granted motions for reconsideration filed by the plaintiffs. See id., Memorandum In Support at 9-10 n. 2, n.4. Additionally, the court in <u>Pumphrey</u> granted the plaintiffs' motion to vacate its order. See id., Memorandum In Support at 10 n. 3. Consequently, none of these cases supports Primus's instant motion.

The remaining three cases that Primus cites—<u>Corsi v. Jensen Farm</u>, No. 2:12-

cv-0052 (D. Wyo. Oct. 11, 2013); <u>Lopez v. Frontera Produce, Ltd.</u>, No. 1305356 (Cal. Sup. Ct. Dec 10, 2013); <u>Hayes v. Frontera Produce, Ltd.</u>, No. 3:12-cv-0588 (M.D. La. Mar. 24, 2014)—are ones where the court dismissed negligence claims by plaintiffs against Primus. <u>See</u> <u>id.</u>, Exs. B, D, and H. All three courts found that Primus did not owe the plaintiffs a duty, and the <u>Corsi</u> court additionally found the plaintiffs did not plead sufficient facts to support a finding of causation. <u>See</u> <u>id.</u>, Exs. B at 8, 10, D at 3, and H at 9. Having examined the rulings in each of these cases, this court does not find anything that would render its previous ruling clearly erroneous. In its prior ruling, this court thoroughly analyzed the law and applied it to the particular facts of this case, as alleged in the plaintiffs' complaint. The fact that the courts in <u>Corsi</u>, <u>Lopez</u>, and <u>Hayes</u> reached different conclusions when applying the law to the particular facts in their respective cases does not render this court's prior ruling clearly erroneous, especially when considering the fact that the courts in <u>Robertson</u> and <u>Braddock</u> similarly denied Primus's motion to dismiss as it pertains to negligence claims.

**D.  The Remainder Of Primus's Arguments Were Addressed In The Court's Previous Memorandum Ruling.**

Having examined the recent decisions by other courts that Primus cited in and attached to its motion, the court now turns to the remaining arguments that Primus

6

asserts in support of its motion. Primus's arguments as it pertains to duty, causation, breach, and damages are basically identical to the arguments it made in its first motion to dismiss. See Record Documents 38 and 67. The court cannot identify any reason to deviate from its prior analysis and ruling. See Record Document 60. Therefore, Primus's motion is **DENIED.**

### III. CONCLUSION

For the reasons set forth herein, the court finds that the plaintiffs have pled sufficient facts in their amended complaint to state a cause of action against Primus. Thus, Primus's motion to dismiss is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 26th day of June, 2014.

_____
JUDGE TOM STAGG